M'RAE & M'MILLIAN *versus* FOSTER.

1. Where a writ has been issued against two, and is served but on one, the plaintiff has a right to discontinue as to the party not served, and proceed against the other—and in such cases, it is sufficient for the plaintiff to state in his declaration that he does discontinue.

The opinion of the court states this case fully.

TAYLOR, J.—This suit was commenced in the County court of Tuskaloosa county, by Foster against McRae and McMillian, by *capias ad respondendum*, returnable to the June term, 1829. The writ was executed upon McMillian, but returned "not found" as to McRae. The plaintiff declared against Mc-Millian ; and in his declaration, reciting that process had not been served upon McRae, discontinued the action as to him. At the December term, 1829, a judgment was rendered in the following words :

" Came the parties, by their attorneys, and the plaintiff moved for judgment by default, for want of a plea. It is therefore considered by the court, that the plaintiff recover of the *defendants* the sum of four hundred and twenty-nine dollars sixty six and a half cents, his damages occasioned," &c.

On the 27th day of February, 1830, McRae and McMillian sued out a writ of error, by which the case was brought to this court. In May following, Foster gave them notice, that at the next term of the County court, to be held the June succeeding, he would move to have the judgment *against them* amended, by having the suit discontinued as to McRae, and rendered against McMillian alone. The motion to

amend was accordingly made, and the amendment ordered; and by writ of *certiorari* issued from this court, the amended judgment has been brought up.

It is now insisted, that the court below erred—

1st. In rendering judgment in the first instance against both the plaintiffs in error, when there had been a discontinuance as to McRae.

2d. In amending such defective judgment.

By our statute, when suit is brought against two or more defendants, and the writ is not served upon all, the plaintiff may discontinue as to those upon whom it is not executed and proceed against the others.

In practising under this act, it has always been considered sufficient for the plaintiff to state in his declaration that he does discontinue as to the defendants upon whom the writ has not been executed, and declare against the others.

If this is a discontinuance, and this court has recognised it as such, the case stands in the same situation after such a declaration is filed, that it would if there were a formal judgment of discontinuance.

If in this case there had been such formal judgment, would the entry by the clerk, of judgment against the "defendants," instead of the "defendant'" have been error? There would have been but one defendant known to the case; it would have stood exactly in the same situation that it would have done, if the suit had only been instituted in the first instance against one.

We think there was no error in the first judgment : it is unnecessary to examine the other objection.

A difficulty, however, arises as to the proper disposition of the case, from the circumstance of McRae's

having joined in the writ of error, and thus made him-self a party in this court.    To affirm the judgment generally, would, from the manner in which the case is brought here, necessarily involve McRae in the effects of that affirmance, at the same time that we determine he is no party in the court below.    It is evident from the proceedings, that in the court be-low, he has been viewed by the court, the plaintiff and the counsel, in the light of a party, and if he is to be so considered, the judgment was erroneous until it was amended.  But we do not view him in that light; and therefore there has been a misjoinder in the writ of error.    When this court renders a judgment, it is such an one as it is believed should have been render-ed below.    But to include McRae in a judgment of affirmance, would be doing precisely what we have determined the court below should not have done.

It is probably the most correct course, under the circumstances of the case, to dismiss the writ of error on account of the misjoinder, and it is dismissed ac-cordingly.